SAMUEL BISSICK *v.* ALEXANDER McKENZIE AND ANOTHER.

Defendants being indebted to plaintiff on two overdue notes, and also for a balance on a book account, gave a bond and mortgage for the amount of the whole indebtedness. Plaintiff afterwards assigned the notes, and in a suit by his assignee, of which suit plaintiff had notice, and in which he was a witness, defendants having gone to the jury on the question whether the bond and mortgage had been accepted in payment, the jury found that they had not, and defendants had judgment against them.

In a subsequent suit by plaintiff on the book account, defendants set up that it had been paid by the bond and mortgage; *Held*, that on this question the judgment in the previous suit was conclusive.

Plaintiff being liable on the notes to his assignee, as warrantor, the judgment in the former action, if it had been against his assignee, would have been conclusive on him in this action, and on the principle of mutuality of estoppels, it should be binding on the defendants also.

APPEAL by plaintiff from a judgment of the general term of the Marine Court, affirming a judgment entered on the report of a referee. The facts are as follows :

On March 20th, 1862, the defendants were indebted to the plaintiff in about the sum of $609 75.  Of this amount $206 22 was for the balance due on two overdue notes of defendants, held by plaintiff, and the remainder of the indebtedness was a balance of a book account for goods sold.  On that date the plaintiff and defendants adjusted the accounts between them at the above-mentioned sum, and the defendants gave the plaintiff a bond and mortgage on real estate in Brooklyn.

After that date the plaintiff transferred the overdue notes, part of such indebtedness, to one Pinner, and Pinner sued the defendants thereon in the Supreme Court.  In that action the defendants defended on the ground that the notes, with the balance of the book account, had been paid in full by the bond and mortgage aforesaid.  The issue was tried before a jury, who, upon submission to them of the question whether this plaintiff, Pinner's assignor, had received the bond and mortgage in payment, found by their verdict he had not, that the notes were unpaid, and judgment was thereupon entered up in favor of Pinner (the plaintiff in that action) for the balance due on the notes as stated in the account of March 20th, 1862, between the plaintiff herein and the defendants.

This plaintiff then brought this action against the defendants for the balance of the indebtedness in the account of March 20th, 1862, being the balance due for goods sold.  In this action the defendants pleaded payment by the bond and mortgage.  The referee found there had been a settlement and payment on March 20th, 1862, the only evidence thereof being the entry in defendants' pass book, signed by plaintiff " Received payment in full for all demands to date by mortgage."

*H. Brewster*, for appellant.

*F. Smyth*, for respondents.

By the Court.*—J. F. Daly, J. [after stating the facts]. —The question before us is whether the judgment in the action of Pinner against these defendants, which the plaintiff put in

* Present, Daly, Ch. J., Larremore and J. F. Daly, JJ.

evidence on the trial before the referee, is a bar to the defendants' plea of payment by the bond and mortgage aforesaid in this action.

That issue was fully and fairly tried in the Pinner suit, and was the sole issue the jury had to pass upon. It was properly tried therein because Pinner took the notes after maturity and was subject to the equities existing in favor of defendants against his assignor, this plaintiff. It was the trial, in fact, of all the equities between this plaintiff and these defendants, growing out of the transaction of March 20th, 1862. This plaintiff was a witness in that action in favor of Pinner, and these defendants were witnesses on their own behalf. The notes of Pinner and the balance for goods sold now sued for by the plaintiff were part of the one account stated and found to be due plaintiff on March 20th, 1862. The plaintiff could have sued on the whole as one cause of action, and in point of fact the whole cause of action was litigated in the suit of Pinner, and the policy of the law is that the same cause of action ought not to be brought twice to a final determination. It is also said that " Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that having been once so tried all litigation of that question and between those parties should be closed forever. It is also a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger; but the converse of this rule is equally true that by proceedings to which he was not a stranger he may well be bound " (1 Greenl. on Ev. 522).

It is also said, that *parties* includes in this connection all who are directly interested in the subject-matter, and had a right to control the proceedings and appeal from the judgment. This plaintiff, as assignor of Pinner of the overdue note, was liable to Pinner, as a warrantor, if the defendants had succeeded in their defense of judgment (*Delaware Bank* v. *Jarvis*, 20 N. Y. 226; *Fake* v. *Smith*, 7 Abb. Pr. R. N. S. 106).

Pinner could have put the judgment against him in evidence against the plaintiff, who would have been concluded by it, the plaintiff having notice of the suit, and being a witness on the trial of it (*Fake* v. *Smith*, 7 Abb. P. R. N. S. 119).

The privity between this plaintiff and Pinner, the plaintiff in the suit in the Supreme Court, and their joint interest in that suit are apparent when we consider that if the mortgage were given as collateral security, Pinner, as assignee of the note, became jointly interested with this plaintiff in that security, and the litigation between Pinner and the defendants put in issue the whole transaction.

Pinner and the plaintiff were identified in interest, and being in privity with him, would be bound under the general rule, and estopped from litigating the same matter with the defendants in another action. The essence of an estoppel being mutuality, it follows that the defendants were bound towards the plaintiff by the judgment against them in the action of Pinner. They have had their day in court.

For these reasons, I think the finding of the referee erroneous, and that the judgment should be reversed.

Judgment reversed.