RILEY BUSH, PLAINTIFF, v. CHARLES H. KNOX, DEFENDANT.

*Judgment — estoppel by — Who bound by.*

The defendant gave to the plaintiff a bill of sale of a gold watch and chain, five colts and a note. Subsequently defendant sold the colts to one Johnson, who, at the request of defendant, brought an action against the plaintiff herein to obtain possession of the colts, claiming that the bill of sale was given as collateral security to a note which had been paid, and recovered judgment therein. This action was brought to recover the watch and chain, plaintiff claiming under the said bill of sale. *Held,* that the judgment in the action

brought by Johnson, operated as an estoppel, and barred a recovery by the plaintiff in this action.

MOTION for a new trial, on exceptions ordered to be heard at General Term in the first instance.

The action was replevin, and brought to recover a gold watch and chain. The defendant plead general denial, and, in addition, that the question sought to be litigated in this action, had been once litigated and decided adversely to plaintiff, and that plaintiff was estopped thereby. On the trial, June, 1872, plaintiff proved a bill of sale, executed by defendant, November 3, 1868, whereby the watch and chain in suit, and five colts, with a note, were sold by defendant to plaintiff.

On plaintiff's cross-examination, it appeared that in a former suit between one Henry Johnson and this plaintiff, the questions were, whether this identical bill of sale had been given as collateral security for a note, and whether this note had been paid by defendant.

Defendant proved that on May 24, 1869, he sold the colts mentioned in the bill of sale, to Johnson (plaintiff in the former suit), and that Johnson brought the former action by his (Knox's) direction, Knox agreeing to make him good if he did not succeed in that suit. Defendant also swore that the bill of sale was given by him as security for the payment of a note he had given Bush, and which was subsequently paid. Defendant then offered in evidence the judgment roll in case of *Johnson* v. *Bush*. From this judgment roll, it appears that one question litigated in that suit, was, whether this bill of sale was absolute, or given as security for a note; and the other question therein litigated, was (in case the jury found that this bill of sale was given as such security), whether the note had been paid, thus canceling the bill of sale.

The jury in that suit found against the defendant (now plaintiff) Bush, on both of those questions. Bush appealed to the General Term, which affirmed the decision. Bush then appealed to the Court of Appeals, which has since affirmed the decision of the General Term. The court held that this judgment roll, in connection with the other evidence given, operated as an estoppel on plaintiff, and was a bar to plaintiff's recovery, and thereupon

granted defendant's motion for a nonsuit, and the plaintiff excepted. The court decided that the exceptions taken by the plaintiff be first heard at General Term.

*G. W. Hotchkiss,* for the plaintiff.

*Chapman & Martin,* for the defendant.

MILLER, P. J. :

This action was brought to recover a gold watch and chain, which the plaintiff claimed he owned, and that the defendant wrongfully detained. The plaintiff was nonsuited upon the trial, upon the ground that he was estopped by reason of a judgment previously rendered in favor of one Johnson against the plaintiff, in a certain action brought to recover the possession of certain colts, in which the same identical question was litigated as in the case at bar. The question to be determined is, whether the defendant here was in privity with Johnson, so as to be entitled to avail himself of the benefit of the judgment in the action brought by Johnson against the plaintiff. So far as parties are concerned, the right to the benefit of estoppel by judgment, includes all who are interested in the subject-matter, who have a right to appear, to make a defense, to control the proceedings, and to appeal from the judgment, although not a party to the record.* The last authority lays down the rule, in addition to the principle above stated, that " all persons who are represented by the parties and *claim under them,* or in privity with them, are equally concluded by the same proceedings. * * * Hence all privies, whether in estate, in blood or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity." It would appear that the rule extended beyond those who are interested and who have a right to appear, and includes such as claim under, or in privity with, those who are affected by the litigation. It cannot be doubted, that the defendant in this action claimed in privity with Johnson, who claimed title under the defendant here. If Knox's title was valid, then Johnson's was equally so, and the two were really in privity with each other. Although a vendor and vendee are not mentioned as privies, I see no good and sufficient

---

* Castle v. Noyes, 14 N. Y., 329 ; 1 Greenleaf, 523.

reason why the same principle is not applicable to these, as well as to other relations between parties which are particularly stated in the books. The rule as to privies, was applied to the case of master and servant, in *Castle* v. *Noyes,*\* and in a later case,† in an action brought upon an agreement made by the defendant upon a settlement with the plaintiff's assignor — the validity of which agreement had been previously contested by defendant in a proceeding with the assignor of the plaintiff — and it was held that the former proceeding was conclusive in all subsequent controversies as to the same matter. The defendant here, and Johnson, occupied the same relative position as the parties in the cases last cited, and the same rule is applicable. ‡ No cases are cited, of a recent date, which conflict with the principle laid down in those last referred to. *Mesereau* v. *Pearsall,* § which is relied upon, is distinguishable from the case at bar, because, in the judgment in the second suit, there was an additional party plaintiff from that in the first and third cases; and it was said the decision may have been made upon the testimony of the new plaintiff in the second suit; and on that ground alone it would necessarily have been excluded if offered. It was also stated in the opinion, that the adjudication was not on the precise point in controversy in the case cited — which, alone, would have been sufficient to exclude the record of the judgment. In *Bissick* v. *McKenzie,* ‖ an action was brought for a balance of indebtedness on an account. Previously, an action had been brought by one Pinner, against the defendant, upon two vendue notes, which was defended on the ground that the notes, with the balance of the book account, had been paid in full by a bond and mortgage; and a judgment was rendered in favor of the plaintiff there, who was the assignor of the plaintiff in the case cited. It was held that the judgment in the first action was a bar to the defendant's plea of payment by the bond and mortgage, and conclusive. The court say : " Pinner and the plaintiff were identified in interest, and being in privity with him, would be bound under the general rule, and estopped from litigating the same matter with the defendants in another action. The essence of an estoppel being mutuality, it follows that the defend-

\* 14 N. Y., 329.  † Demarest v. Darg, 32 N. Y., 281, 287.

‡ See, also, Bates v. Stanton, 1 Duer, 80, 87.   § 19 N. Y., 108.   ‖ 4 Daly, 265.

ants were bound toward the plaintiff by the judgment against them in the action of Pinner. They have had their day in court." The case at bar and the one cited are analogous; and the defendant here occupied very much the same position as Pinner's assignee, who was the plaintiff in the case cited. Some stress is laid in the opinion upon the fact that the plaintiff was liable to Pinner as a warrantor, if the defendants succeeded in their defense. The same rule may be applicable here ; and I am inclined to think there was an implied warranty of title by the defendant. Nor is this all ; for there are the additional facts, that the defendant directed Johnson to bring the suit ; agreed to make him good if he failed ; was present at the trial and a witness. Under these circumstances, it would appear to be a rational inference, that the defendant was in a condition where he had a right to control the proceedings of Johnson. As the case stands, the judge was right in his decision; and the motion for a new trial must be denied, and judgment ordered for the defendant on the verdict, with costs.

Present — MILLER, P. J., and BOCKES, J.

Motion for new trial denied, and judgment ordered for the defendant, with costs.