## BUSH v. KNOX.

*Former adjudication — who are in privity — Vendor and purchaser.*

In an action to recover possession of a watch plaintiff claimed title through a bill of sale from defendant of the watch and five colts. Defendant set up as a defense that he had previously sold the colts mentioned to one J., that in a judgment in an action brought by J. against plaintiff at defendant's request and risk, the bill of sale had been declared a collateral security, for a debt which had been paid. *Held,* that there was such privity between defendant and J. as to render the former judgment a bar to this action by plaintiff.

MOTION by plaintiff for a new trial after a nonsuit upon exceptions ordered to be heard in the first instance at the general term.

The action was brought by Riley Bush against Charles H. Knox to recover the possession of a gold watch and chain. The defendant plead general denial, and in addition that the question sought to be litigated in this action had been once litigated and decided adversely to plaintiff, and that plaintiff was estopped thereby. On the trial, in June, 1872, plaintiff proved a bill of sale, executed by defendant, November 3, 1868, whereby the watch and chain in suit, and five colts with a note were sold by defendant to plaintiff.

On plaintiff's cross-examination it appeared that in a former suit between one Henry Johnson and the plaintiff the questions were, whether this identical bill of sale had been given as collateral security for a note, and whether this note had been paid by defendant.

Defendant proved that on May 24, 1869, he sold the colts mentioned in the bill of sale, to Johnson (plaintiff in the former suit), and that Johnson brought the former action by his (Knox's) direction, Knox agreeing to make him good if he did not succeed in that suit. Defendant also swore that the bill of sale was given by him as security for the payment of a note he had given Bush, and which was subsequently paid.

Defendant then offered in evidence the judgment roll in the action by Johnson against Bush. From this judgment roll it appeared that one question litigated in that suit was, whether this bill of sale was absolute or given as security for a note; and the other question therein litigated was (in case the jury found that this bill of sale was given as such security), whether the note had been paid, thus cancelling the bill of sale.

The jury in that suit found against the defendant (now plaintiff) Bush on both of those questions. Bush appealed to the general term, which affirmed the decision. Bush then appealed to the court of appeals, which has since affirmed the decision of the general term. The court held that this judgment roll, in connection with the other evidence given, operated as an estoppel on plaintiff, and was a bar to plaintiff's recovery, and thereupon granted defendant's motion for a nonsuit, and the defendant excepted. The court directed that the exceptions taken by the plaintiff be first heard at general term.

*G. W. Hotchkiss,* for plaintiff.

*O. Chapman,* for defendant.

MILLER, P. J. This action was brought to recover a gold watch and chain, which the plaintiff claimed he owned, and that the defendant wrongfully detained. The plaintiff was nonsuited upon the trial, upon the ground that he was estopped by reason of a judgment previously rendered in favor of one Johnson against the plaintiff, in a certain action brought to recover the possession of

certain colts, in which the same identical question was litigated as in the case at bar. The question to be determined is, whether the defendant here was in privity with Johnson, so as to be entitled to avail himself of the benefit of the judgment in the action brought by Johnson against the plaintiff.

So far as parties are concerned the right to the benefit of estoppel by judgment includes all who are interested in the subject-matter who have a right to appear to make a defense, to control the proceedings and to appeal from the judgment, although not parties to the record. *Castle* v. *Noyes*, 14 N. Y. 329; 1 Greenl. Ev., § 523. The last authority lays down the rule in addition to the principle above stated, that " all persons who are represented by the parties, and *claim under them*, or in privity with them, are equally concluded by the same proceedings." * * * " Hence all privies, whether in estate, in blood, or in law, are estopped from litigating that which is conclusive upon him with whom they are in privity." It would appear that the rule extends beyond those who are interested and who have a right to appear, and includes such as claim under or in privity with those who are affected by the litigation. It cannot be doubted that the defendant in this action claimed in privity with Johnson, who claimed title under the defendant here. If Knox's title was valid then Johnson's was equally so, and the two were really in privity with each other. Although a vendor and vendee are not mentioned as privies, I see no good and sufficient reason why the same principle is not applicable to these as well as to other relations between parties which are particularly stated in the books.

The rule as to privies was applied to the case of master and servant in *Castle* v. *Noyes*, 14 N. Y. 329, and in a later case, *Demarest* v. *Darg*, 32 id. 281, 287, in an action brought upon an agreement made by the defendant upon a settlement with the plaintiff's assignor, the validity of which agreement had been previously contested by defendant in a proceeding with the assignor of the plaintiff, and it was held that the former proceeding was conclusive in all subsequent controversies as to the same matter. The defendant here and Johnson occupied the same relative position as the parties in the case last cited, and the same rule is applicable. See, also, *Bates* v. *Stanton*, 1 Duer, 80, 87.

No cases are cited of a recent date which conflict with the principles laid down in those last referred to. *Mersereau* v. *Pearsall*,

19 N. Y. 108, which is relied upon, is distinguishable from the case at bar, because in the judgment in the second suit, there was an additional party plaintiff from that in the first and third cases, and it was said the decision may have been made upon the testimony of the new plaintiff in the second suit; and on that ground alone it would necessarily have been excluded, if offered. It was also stated in the opinion, that the adjudication was not on the precise point in controversy in the case, which alone would have been sufficient to exclude the record of the judgment.

In *Bissick* v. *McKenzie*, 4 Daly, 265, an action was brought for a balance of indebtedness on an account. Previously, an action had been brought by one Pinner against the defendant, upon two overdue notes, which was defended on the ground that the notes, with the balance of the book account, had been paid in full by a bond and mortgage, and judgment was rendered in favor of the plaintiff there, who was the assignor of the plaintiff in the case cited. It was held that the judgment in the first action was a bar to the defendant's plea of payment by the bond and mortgage, and conclusive. The court say: "Pinner and the plaintiff were identified in interest, and being in privity with him, would be bound under the general rule, and estopped from litigating the same matter with the defendants in another action. The essence of an estoppel being mutuality, it follows that the defendants were bound toward the plaintiff by the judgment against them in the action of Pinner. They have had their day in court."

The case at bar and the one last cited are analogous, and the defendant here occupied very much the same position as Pinner's assignee, who was the plaintiff in the case cited. Some stress is laid in the opinion upon the fact that the plaintiff was liable to Pinner as a warrantor, if the defendants succeeded in their defense. The same rule may be applicable here, and I am inclined to think there was an implied warranty of title by the defendant. Nor is this all; for there are the additional facts that the defendant directed Johnson to bring the suit, agreed to make him good if he failed, was present at the trial and a witness. Under these circumstances, it would appear to be a rational inference that the defendant was in a condition where he had a right to control the proceedings of Johnson.

As the case stands, the judge was right in his decision, and the motion for a new trial must be denied and judgment ordered for the plaintiff on the verdict, with costs.

*Ordered accordingly.*