## HARTNETT *v.* ADLER.

(*City Court of New York, General Term.* June 15, 1888.)

JUDGMENT—EFFECT—RES ADJUDICATA.

In an action on a note given by defendant to W., and transferred to plaintiff, plaintiff offered in evidence the record of a judgment in an action brought by defendant against W., the complaint in which alleged that the note in question was given to W. to be discounted for his (this defendant's) benefit, and that W. obtained the discount, but converted the proceeds to his own use. This the answer denied, and alleged that the note was given to W. in payment of a partnership debt due him. W. also denied that he had discounted the note. On the evidence given on both sides as to the agreement under which the note was given, the jury in that

case found in favor of W. *Held*, that defendant in this action was barred by that judgment from setting up in defense that the note was given to be discounted. PITSHKE, J., dissenting.

Appeal from trial term; BROWNE, Judge.

The complaint alleges the making of the promissory note for $1,000 by defendant, Samuel B. Adler, to the order of James R. Watts, dated August 24, 1885, payable three months after its date, and the delivery thereof to the said James R. Watts for value; the indorsement by Watts; and that said note thereafter, for value, came lawfully into the possession of the plaintiff, Casilaer F. Hartnett, who is now the lawful owner and holder thereof; that no part of said note has been paid, etc. The answer admits the making of the note, (with another note of same date and amount, and payable at same time,) and alleges that said notes were made upon the condition and agreement that Watts, the payee thereof, would have the same discounted for and on behalf of the defendant, Adler, and pay the proceeds thereof to defendant, and for no other purpose, and were not to be used for any other purpose; and alleges that if said Watts did transfer said notes, or either of them, to plaintiff, it was done after maturity. And, for a second defense, sets up a copartnership entered into about the 13th day of January, 1885, between defendant and Watts for conducting a wholesale coal business; false representations made by said Watts to defendant at the time of entering into said copartnership, with intent to cheat and defraud defendant, etc. Plaintiff demurred to so much of the answer as is contained in the second paragraph thereof. Upon argument of the demurrér, before Justice NEHRBAS, the demurrer was sustained; and on November 25, 1887, an interlocutory judgment was entered against the defendant, striking out from the answer so much thereof as was demurred to, and after the word "second," in said answer, with costs. On January 6th the action was brought on for trial before Justice BROWNE and a jury. A motion for adjournment made by defendant having been denied, evidence was introduced by both parties; and on the part of the plaintiff, among other evidence, a judgment roll in an action in the superior court wherein Samuel B. Adler, the defendant herein, was plaintiff, and James R. Watts, the payee of the note in question, was defendant; and which action was brought to recover the amount alleged to have been received by the said Watts on the discounting of the two notes hereinbefore referred to. In the complaint therein it was alleged that the plaintiff, on the 5th day of September, 1885, made and delivered to the defendant two promissory notes for $1,000 each; one dated August 24, 1885, or thereabouts, (being the note referred to in the plaintiff's complaint herein at folio 9;) and the other dated September 5, 1885, or thereabouts,—each payable three months after date, upon the following conditions and agreements by him, (the defendant,) viz.: That he (the defendant) would have the same discounted for and on behalf of the plaintiff therein, and pay the proceeds thereof to him; that the notes were delivered to the defendant for the purpose of being discounted for the plaintiff, and for no other purpose; that the proceeds thereof were to be paid to the plaintiff; and that said notes were not to be used for any other purpose. That plaintiff informed him that he had had said notes discounted; and that, upon demand by him, (the plaintiff,) for the notes or the money, the defendant promised to pay the said moneys to him, setting a time when and naming a place where he would pay the same. That defendant has refused to pay said money, and still refuses to pay the same, but has converted them to his own use, to the damage of plaintiff $2,000. Defendant, in his answer to said complaint—*First*, denies each and every allegation of the said complaint; *second*, alleges a copartnership, entered into on January 13, 1885, between said defendant and plaintiff, for the purpose of conducting the wholesale coal business, in the name of "John R. Watts & Co.;" the dissolution of such copartnership on September 2, 1885; the indebtedness of said plaintiff to said firm; the delivery, by said plaintiff to

the defendant, of the two notes referred to in plaintiff's complaint, and that said notes, when paid, were to be applied towards the payment of said indebtedness; the maturity of said notes; presentation, demand of payment, refusal, and protest thereof; that said notes were never discounted, or offered for discount; and that defendant now is, and always has been, the holder and lawful owner thereof, for the purposes herein set forth. After the testimony was closed, Justice BROWNE, on motion of plaintiff's counsel, directed a verdict for the plaintiff for $1,126.50, amount of the note and interest, and judgment was entered therein on February 20, 1888, from which judgment and order, denying defendant's motion for a new trial, and from the interlocutory judgment entered November 25, 1887, defendant appeals.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*Jacob F. Miller,* for appellant. *Treadwell Cleveland,* for respondent.

McGOWN, J. The action is brought to recover the sum of $1,000, and interest, the amount of a promissory note bearing date on the 24th day of August, 1885, made by Samuel B. Adler, the defendant herein, to the order of James R. Watts. The note became due three months after date, November 27, 1885. Watts, the payee, indorsed the note, before it became due, in November, 1885, and delivered it to the plaintiff in October, 1887. The note was given to the payee for a valuable consideration, and Watts was the owner and holder of the note until October, 1887, when he transferred it to the plaintiff herein. Having received the note after its maturity, the plaintiff is chargeable with notice of all the equities existing between the original parties to the note; and plaintiff stands in the same position, as to any defense, that Watts, the payee of the note, would have stood in if he (Watts) had sued Adler; that is, any defense that Adler could have set up against Watts. He stands in the position of an assignee; and Watts, the payee, and the plaintiff are privies. *Bank* v. *Bank,* 89 N. Y. 412; *Bissick* v. *McKenzie,* 4 Daly, 265. In the action brought in the superior court by Adler, the maker, against Watts, the payee, (plaintiff's Exhibit No. 2,) the note in question was in part the subject-matter of the action. The plaintiff alleging in his complaint that the note was given by him to defendant for a special purpose,—to be discounted for plaintiff; that defendant had had the note discounted, received the proceeds, and refused to pay over the same to plaintiff, but that defendant has converted the same to his own use, and demands judgment for amount claimed, and interest. Defendant, in his answer, denying each of these allegations; and alleging that the two notes were given to him to be applied to an indebtedness of said plaintiff to him, and that he, said defendant, now is and has always been the owner thereof. As to the ownership of the notes as set up in defendant's answer, plaintiff therein testified in his own behalf as follows: "I heard Mr. Watts testify on that trial had in the superior court. He testified that he had not parted with these notes; that these notes had not left his possession except to go to the bank for collection. When he was asked whether those notes were ever discounted, he said, 'No.' *Question.* What did he say in regard to the possession of those notes from the time of their inception to the time of the trial? *Answer.* He said that they were in his possession; that he never had parted with them. He showed them, with the indorsement upon them; stating that they came to him through the usual channel. He testified that he was the owner of them." Evidence of the ownership of the note as set forth in defendant's answer was thus given upon the trial; and, although at variance with the testimony of the plaintiff, was before the jury, and upon the whole evidence before them the jury passed. . Justice TRUAX, in his charge to the jury, submitted this issue to the jury, wherein he stated as follows: "The defendant denies that the plaintiff gave him the notes to be discounted. The defendant denies that he discounted the notes; and he alleges that the notes were given by the plaintiff to him in payment of a debt that the plaintiff

then owed to him on a matter that related to a partnership that had theretofore existed between the plaintiff and the defendant. Those allegations and denials make the issue for you to try, and the only issue." And the jury found, upon the evidence therein, that the note was made and delivered by Adler, the plaintiff therein, to the defendant, the payee, in part settlement of an indebtedness of Adler to Watts; that the note was never discounted, or offered for discount; and that Watts, the defendant therein, was then, and always had been, the holder and lawful owner thereof for the purposes for which it was given,—the finding of the jury, upon the evidence therein, being in favor of the defendant, and against the plaintiff, upon all the issues. The estoppel of said judgment extended to every material matter within the issues which were therein expressly litigated and determined,—were comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. See *Pray* v. *Hegeman*, 98 N. Y. 358; *Patrick* v. *Shaffer*, 94 N. Y. 430, and cases cited. And the judgment rendered therein is final and conclusive between the parties, Adler, the maker, and Watts, the payee, not only as to the matter actually determined therein, but as to every other matter which the parties might have litigated and have decided as incident to or essentially connected with the subject-matter of the litigation, within the purview of the original action, either as matter of claim or defense. *Jordan* v. *Van Epps*, 85 N. Y. 436; *Fairchild* v. *Lynch*, 99 N. Y. 368, 2 N. E. Rep. 20; *Dunham* v. *Bower*, 77 N. Y. 79. Every matter of claim or defense could have been litigated, in the action in the superior court, between Adler, the plaintiff therein, (the maker,) and Watts, the defendant, (the payee,) which could be litigated in the action herein between Adler, the maker, and Hartnett, the plaintiff herein, the assignee of Watts, the payee.

As to the appeal from the interlocutory judgment rendered herein on November 25, 1887, appellant's attorney presents no argument thereon in his points submitted, and, no reference having been made thereto by him, in his argument of the appeal, it was, I think, conceded that such appeal was abandoned. I find no errors made by the trial justice, in the rulings made by him therein, which require correction; and the final order and judgment must be affirmed, with costs.

PITSHKE, J., (*dissenting.*) The superior court case was brought to recover the proceeds of an alleged discount, obtained by Watts, of the note in question; and, if he (Watts) had not yet had the note discounted, that action necessarily had to be dismissed, and a verdict given for Watts as defendant there; for that was the *gravamen* of the complaint there, and the main issue before the jury, therefore, who found for Watts thereon; and the result simply is that no proceeds of a discount were then yet received by Watts for Adler to "gather," and there was nothing as yet to deliver up. Watts might realize some such proceeds the very next day after said judgment was entered, and then another such superior court suit would at once lie, notwithstanding the judgment roll in that case between Adler and Watts. This self-evident statement, of itself, disposes of the supposed efficacy of said judgment roll as *res adjudicata.* Plaintiff, Hartnett, in the present action, as transferee from Watts, asserts that Watts was absolute owner and lawful holder of the note in suit, for his own use. According to the defense pleaded herein, however, Watts was not entitled to dispose of or pass said note for his own benefit, but only to Adler's use. In that aspect, Watts' holding of the note would be a fiduciary one; the title to said note meanwhile remaining in his principal, Adler, who might follow and claim it anywhere, subject only to the rights of *bona fide* purchasers thereof for a valuable consideration. *Comstock* v. *Hier*, 73 N. Y. 277; *Baker* v. *Bank*, 100 N. Y. 33, 2 N. E. Rep. 452; *Decker* v. *Mathews*, 12 N. Y. 323. But Watts, as indorsee after maturity, was not such a *bona fide* purchaser, (*Newell* v. *Gregg*, 51 Barb. 263;) and he expended only $100 in the ac-

quisition of this $1,000 note. The superior court judgment roll was perfected in November, 1886; while the note herein in suit did not leave Watts, or pass unto plaintiff, Hartnett, until October, 1887. The complaint in the superior court case against Watts alleged the making of the note in question, the agreement to discount it for the maker's benefit, and that such discount on Watts' part had occurred. The answer there was a general denial of these allegations, admitting, however, the making of the note to Watts; and such answer also maintained that Watts took and held said note as absolute owner for his own use. The judgment in that suit was a "dismissal" of said complaint. It is not the former recovery, but the decision of that which was in previous contestation, that constitutes the estoppel of *res adjudicata. Dawley* v. *Brown,* 79 N. Y. 390. A judgment is only conclusive on those grounds it covers, and the facts necessary to uphold it; and if the fact or rule of law apparently involved was immaterial to the issue, or the controversy did not necessarily turn on it, the parties are not concluded. *Woodgate* v. *Fleet,* 44 N. Y. 13, 14; *People* v. *Johnson,* 38 N. Y. 65. Hence the present defendant is herein not estopped from disproving an allegation contained in the answer in the former suit, the truth of which was not involved in the judgment rendered in said former suit. *Sweet* v. *Tuttle,* 14 N. Y. 465. The burden to show (which may be by extrinsic evidence) that the precise question was not only raised, but determined, in the former action, rests upon the party making use of such former judgment as conclusive evidence thereon, (viz., on plaintiff, as transferee from Watts.) If there be uncertainty whether or not the question was passed on, such judgment is not conclusive as evidence. *Bell* v. *Merrifield,* 16 N E. Rep. 58, (N. Y. Ct. App., April 10, 1888,) and cases there cited, particularly *Cromwell* v. *County of Sac,* 94 U. S. 351, and *Russell* v. *Place,* Id. 606. Thus, in *Stowell* v. *Chamberlain,* 60 N. Y. 277, in a second cause between same parties in regard to the same transaction, where the former judgment was for wrongful conversion, and the second in *assumpsit,* (both as herein,) it was held that, in order to make such former judgment available either in bar or as evidence, it was necessary to show that the question of plaintiff's title was passed upon in the first suit; for said previous judgment may have passed on the fact that the defendant there had not had "possession," and hence, on that ground, was found not guilty of "conversion." That judgment was therefore held not, of itself, to be conclusive in the subsequent action between the same parties. That was just the present case. Similarly as in *Stowell* v. *Chamberlain, supra,* when Watts was sued in the superior court for a "conversion" of the proceeds of a discount obtained by him on the note herein in suit, his answer there denying all possession of any such proceeds, besides a denial of Adler's complaint generally, (with a claim of absolute title to said note in Watts,) that judgment so there rendered, dismissing the complaint, may have passed on the fact that Watts was never "possessed" of any proceeds of the note, because he till then had not had it transferred or discounted; and this, without at all deciding Watts's title respecting it. Therefore that judgment roll was, of itself, not conclusive herein; and the defendant herein should not thereby have been precluded from proving his defense pleaded in his answer herein. To obtain the benefit of a prior adjudication of a fact, it is entirely reasonable to exact from the party asking such benefit clear proof that such adjudication took place. *Bell* v. *Merrifield, supra.* The superior court record alone did not show it; for there was nothing in it whereby it could be ascertained on which of the two possible grounds—*i. e.,* either a dismissal because no note proceeds were then yet procured or received by Watts, or because Watts was absolute owner, and so himself entitled to all proceeds of the note—the said record proceeded and was based. And the evidence which was given in this action *dehors* the record did not fill the gap. As it was undisputed in the superior court case that Watts did not get the note discounted, and never had any proceeds, it was un-

necessary to go beyond that for a verdict that defendant was clear of any claim for conversion in such former suit; and that, presumably, the verdict passed on alone,—it being, for such a finding in Watts' favor there, utterly unnecessary to determine the nature of Watts' title to the note, and the jury, hence, presumably did not. The superior court judgment is consequently not conclusive herein as *res adjudicata* on the question of Watts' absolute title to the note in suit. The present plaintiff took the said note from Watts after maturity, subject to all equities, and stands in the same position, as to any defense herein thereto, that Watts, as payee of the note, would have stood in had he been suing Adler, (*Lansing* v. *Gaine*, 2 Johns. 300,) that is to say, any defense Adler could raise against Watts, were he now the plaintiff, Adler can raise against Hartnett herein. This plaintiff is a mere "assignee" of the note, and Watts and he are privies. Hence the total failure of consideration in its inception was a good defense to this note, taken after maturity, (*Prall* v. *Hinchman*, 6 Duer, 354;) and, as above demonstrated, Mr. Alder would, by such superior court record as herein adduced, not be estopped or barred herein, as against Watts as a plaintiff, from specially litigating the claim of Watts as alleged lawful owner of said note. The direction of a verdict in favor of the present plaintiff against Adler was, in consequence, entirely unwarranted. Furthermore, if there thus existed a good defense between Adler and Hartnett, the same as between the maker and payee, provable herein, this plaintiff (were he a *bona fide* holder before maturity) could not, in any aspect, be protected or recover herein beyond the extent of the consideration actually paid by him, which was only $100, and, moreover, for the said $1,000 note, when overdue. *Huff* v. *Wagner*, 63 Barb. 231, 232; *Harger* v. *Wilson*, Id. 237. Holds DANFORTH, J., in *Nickerson* v. *Ruger*, 76 N. Y. top page 284, as follows: "Only to the extent that the plaintiff has paid value for the note can he recover; and not for that, even, if he is chargeable with notice of the diversion of the note." That was a case where similarly there existed a defense of "diversion" against the note sued on; and the complainant claimed, as an alleged *bona fide* holder without notice, the full amount of the note. Hartnett, however, was a taker of the note in suit after maturity thereof, and hence took it with implied notice of its real *status*. And the court below accordingly erred in directing a verdict in favor of plaintiff for the full amount of this note. In my opinion, the judgment and order appealed from should, for the above reasons, be reversed, and a new trial ordered.

Since writing the above, I find that the common pleas general term, in *Insurance Co.* v. *Bishop*, 1 Daly, 449, specifically held that where a record discloses two issues, and the jury finds generally for the defendant, both questions are presumptively *res adjudicata;* and that, in a subsequent proceeding in which one of such questions arises, it is for the party combating the record to show that it was not passed upon by the jury. According to this case, the *onus* rested on the defendant herein to prove that both questions involved in the superior court action were not adjudicated; and, as the defendant did not establish this fact, I reluctantly concur in the conclusion arrived at by Justice McGOWN that the judgment and order appealed from must be affirmed, with costs.