JOHN H. N. PATRICK, Respondent, *v.* WILLIAM F. SHAFFER, Appellant.

In an action upon a judgment recovered by plaintiff against defendant in another State, defendant set up as a counter-claim an alleged loan by him to plaintiff of $12,500. It appeared that in the former action, which was for money loaned, defendant denied the loan, and set up as a defense

and gave evidence on the trial thereof tending to show that he advanced the money set up as a counter-claim to one to whom plaintiff was indebted, and who held title to certain lands as security therefor, under an agreement that the land should be conveyed to defendant, to be held as security, and to be conveyed to plaintiff on payment of the loan, and that the alleged loans made by plaintiff were simply payments. Plaintiff, on the other hand, gave evidence to the effect that his interest in the land was sold absolutely to defendant, who paid the $12,500 as the purchase-price and received a deed from the one holding title. *Held,* that the question whether the $12,500 was a loan was necessarily involved in, and determined by the former action, and the judgment therein was conclusive; also that the fact that the matter was set up as a defense in the former action, not as a counter-claim, was immaterial.

(Submitted December 11, 1883 ; decided January 15, 1884.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 3, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and denied a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Elihu Root & Willard Bartlett* for appellant. A demand or claim having passed into judgment cannot again be brought into litigation between the parties in proceedings at law. (*Cromwell* v. *County of Sac,* 94 U. S. 353 ; *The Packet Co.* v. *Sickels,* 5 Wall. 592.)

*Henry A. Root* for respondent. A claim which has been set up by way of either defense or recoupment, and disallowed, cannot be used as a counter-claim in a subsequent action. (*Birckhead* v. *Brown,* 5 Sandf. 134, 145 ; 2 Smith's L. C. [7th Am. ed.], H. & W. 771 ; *Demarest* v. *Darg,* 32 N. Y. 281 ; *Wilder* v. *Case,* 16 Wend. 583 ; *Rogers* v. *Rogers,* 1 Hilt. 194.) Upon such evidence as was admitted without objection, the Nebraska judgment is a bar to the counter-claim. (*Clemens* v. *Clemens,* 37 N. Y. 59, 73 ; *Harris* v. *Harris,* 36 Barb. 88, 94 ; *Kerr* v. *Hays,* 35 N. Y. 331, 337 ; *Collyer* v. *Collins,* 17 Abb. Pr. 467 ; *Ehle* v. *Bingham,* 7 Barb. 494.) A judgment on a

general verdict, where two or more issues are involved, is *prima facie* evidence that all were passed upon, and a bar in regard to any one of them, until the party against whom the verdict was rendered has shown that it was not passed upon. (*Yonkers* v. *Bishop*, 1 Daly, 449; *White* v. *Simonds*, 33 Vt. 178; *Day* v. *Vallette*, 25 Ind. 42; *Henderson* v. *Kenner*, 1 Rich. 474; *Bagot* v. *Williams*, 3 B. & C. 235; 1 Greenleaf on Evidence, § 532.) A judgment is conclusive not only as to the matters actually litigated, but as to every thing that might have been litigated in the former action. (*Cromwell* v. *County of Sac*, 94 U. S. 351, 352; *Aurora City* v. *West*, 7 Wall. 82, 96; *Dunham* v. *Bower*, 77 N. Y. 76; *Hayes* v. *Reese*, 34 Barb. 156; *Bruen* v. *Hone*, 2 id. 586; *Casler* v. *Shipman*, 35 N. Y. 533, 545; *Jordan* v. *Van Epps*, 85 id. 427, 436; *Smith* v. *Smith*, 79 id. 634; 2 Smith's L. C. [7th Am. ed.], H. & W. 767; *Castle* v. *Noyes*, 14 N. Y. 329; *Embury* v. *Conner*, 3 id. 511, 522; *Jennison* v. *Springfield*, 13 Gray, 544.) This case should therefore be treated as though the principal of the alleged debt had been (as it was) the one matter in issue, and then the general rule applies that a counter-claim founded on facts that would have been fatal to the plaintiff's recovery in the former action is barred by the former judgment, whether set up there or not. (*Dunham* v. *Bower*, 77 N. Y. 76.)

Miller, J. This action was brought to recover the amount of a judgment obtained by the plaintiff against the defendant, in a court of general jurisdiction in the State of Nebraska.

The answer of the defendant admitted the recovery of the judgment, and that no part thereof had been paid, and set up as a defense a counter-claim, in which he alleged that he had paid $12,500 to the use of the plaintiff, to be repaid upon demand, and that he had demanded payment and that no part thereof had been paid. The plaintiff served a reply, in which he set up an extract from the defendant's answer in the Nebraska suit, which shows that the counter-claim pleaded in this action was interposed, and constituted a defense to the action in which the plaintiff recovered judgment in the State of Ne-

braska. It was claimed that the verdict rendered in that action was conclusive in the present case. The real issue presented upon the trial of this action was whether the judgment recovered in the State of Nebraska was conclusive against the counter-claim interposed in the answer of the defendant in the case at bar. It is apparent that the claim of the plaintiff in this action is the same substantially and in fact as the demand for which a recovery was had in the State of Nebraska. The plaintiff there claimed to recover for moneys lent by him to the defendant. The defendant denied that the plaintiff had ever lent any money to him, and claimed that he had lent the respondent $12,500 several years before the commencement of the suit in Nebraska, and that the moneys which the plaintiff claimed to recover were payments upon the loan of $12,500. It appears from the record before us, that upon the trial of the suit in Nebraska, the defendant introduced evidence to prove that he had advanced to and for the use of the plaintiff the sum of $12,000, to discharge a debt due from the plaintiff to one Augustus Kountze, who held title to a certain tract of land in Nebraska, as security for such indebtedness; that an agreement had been made between the parties, providing for a conveyance of the land by Kountze to the defendant, who should hold it as security for the sum which he had advanced; on the other hand the plaintiff's testimony established that the plaintiff formerly owned an undivided half of two hundred and seventy acres of land in Omaha, Douglas county, Nebraska, the legal title of which was held by said Kountze, with other collaterals, to secure $5,200 which the plaintiff owed to the Omaha Bank; that in 1870, the plaintiff sold this undivided half to Shaffer, for $12,500, and Shaffer took a deed directly from Kountze; that subsequently the plaintiff lent the defendant in five sums about $7,000. It will be seen that the evidence was contradictory, as to whether the plaintiff lent the defendant the money claimed by him, or whether it was a payment upon the $12,000, which the defendant claimed that he had loaned the plaintiff. The issue upon the trial of the Nebraska case really was, whether the moneys received from the

plaintiff were loans, or whether they were payments of instal-
ments upon the mortgage alleged to have been given by plaint-
iff to defendant for money which plaintiff had borrowed from
defendant, or in other words, was the deed absolute, or was it
a mortgage. It will be perceived that the defendant not only
denied that there was any loan, but he set up in the third para-
graph of his answer precisely the same facts which are here
pleaded as a counter-claim. There is no substantial difference
in the answer in this respect in the case considered and in the
third paragraph of the answer in the Nebraska action, except
that here he demands affirmative relief by way of counter-
claim.

If the jury in the Nebraska case had believed the version
of the transaction as given by the defendant, they would have
found that the moneys claimed by the plaintiff were not loans
but payments upon the mortgage which defendant held upon
plaintiff's lands. Having found to the contrary, it would seem
to follow that the real question in the case, as to the nature of
the transaction, was tried and disposed of adversely to the
defendant upon the issue presented, and is conclusive in this
action against the defendant, as was held upon the trial. It is
said, however, that there was another and separate defense in
the Nebraska suit upon which judgment may have gone against
the defendant there, without necessarily involving the truth of
the facts which were pleaded as a second and separate defense ;
this was a denial, in the second paragraph of the answer, that
the plaintiff loaned to the defendant the sum claimed or any
sums whatever. The argument of the defendant's counsel is,
that the plaintiff claimed that he had loaned the defendant
certain moneys, which was denied by the defendant ; that the
defendant says, however, that he had received certain sums
from the plaintiff which were paid on account of a mortgage
debt the plaintiff owed him, and that the question which the
jury in the Nebraska case were thus required to pass upon was
whether the money which had been paid by the plaintiff to the
defendant was paid on account of this mortgage debt, or was a
separate and independent transaction in the nature of a loan ;

that the finding of the jury is that it was a separate transaction in the nature of a loan, and this does not determine the question whether a mortgage debt existed or not. We are unable to perceive the force of the position contended for. The evidence in reference to the loans, as well as that relating to the mortgage debt, all had a bearing upon the right of the plaintiff to recover in the Nebraska case. The defendant claimed that no loans were made, but that the moneys were paid upon the mortgage debt. This claim is not well founded, for it is manifest these payments were so inseparably connected with the loans that it is difficult to see how a discrimination could be made by the jury which would separate the one from the other. If no loans were made the alleged mortgage debt did exist; if they were made then there was no mortgage debt. This was the issue presented. It related to one transaction, and it would be unreasonable to hold that a distinction exists which authorizes the conclusion that the jury merely passed upon the question whether there were loans, without considering the question arising as to the existence of the alleged mortgage debt. In view of the evidence introduced, showing that the loans had been made, and the testimony which tended to establish that these loans were payments of installments upon the alleged mortgage debt, and the conflict in the testimony in regard to the nature of the transaction, it cannot, we think, be urged that there was no issue made upon the trial in reference to the existence of the mortgage debt. Nor is it a reasonable assumption, under the circumstances, that the jury might have found that, although the loans were made to the defendant at the time claimed, it was not convenient for the plaintiff then to make absolute payment on account of the alleged mortgage debt. It cannot be said that the judgment in the Nebraska case was merely a decision that the moneys claimed in that suit were not repayments on account of that advance. Without deciding whether the claim for the $12,000, made by the defendant, was a valid and subsisting demand, in no sense can the judgment be regarded as merely determining that the moneys claimed by the plaintiff were separate and independent

loans, without any regard whatever to the validity of the defendant's claim set up in the third paragraph of his answer. The decision clearly embraces the question presented as to the loans being made, as well as the claim of the defendant that they were only payments upon the alleged mortgage debt.

The position of the defendant is the same in both cases, and there is no ground for claiming that the mortgage debt was there pleaded as a matter of inducement to one of the defenses there interposed, while here it is an affirmative claim. The testimony upon the trial supported the theory that the same issue was litigated in the Nebraska case as in the one at bar. The question as to the loan or payment was not distinct from the issue of a sale or mortgage, but was directly connected with and constituted a part of it.

It is very evident that the principal question which was litigated upon the trial of the action in the Nebraska court was whether the transaction between Kountze and the defendant was a sale of the land to the defendant, or whether it was in fact a loan made by the defendant to the plaintiff, at his request, and for his benefit, under an agreement that the defendant should take a deed from Kountze and hold the land conveyed to him as merely a security for the moneys paid for the same, and which were to be repaid by the plaintiffs. If the defendant had purchased the land from Kountze only as an investment without any agreement that he was to convey the same to the plaintiff when the advances made were repaid by the plaintiff, then the plaintiff was not indebted to the defendant, and the moneys received by the defendant from the plaintiff were not installments paid upon the debt, but were loans as claimed by the plaintiff. If, on the contrary, the advances were made by the defendant, and the lands held as security for the same, then the moneys paid by the plaintiff to the defendant were partial payments, and the advances made were not loans. This was the real issue in the case and the judgment rendered thereon was conclusive between the parties. The fact that the defendant did not demand judgment against the plaintiff in that action, for the balance due him, does not change the

issue which was tried, as the defendant had a right to set up his claim as a defense merely, as he clearly did, and not as a counter-claim. It being so used it cannot now be presented as a counter-claim against the plaintiff's demand in this action. To allow this to be done would be to permit the same issue to be presented as was tried and determined in the Nebraska action. The defendant, having had his day in court in the Nebraska case upon the issue there presented, cannot in this case be allowed to contest the same. The questions which were involved and decided in that action are *res adjudicata*, and must be regarded as settled and disposed of in accordance with the well-established principle of law, that where it appears that the identical questions involved in the issues have been tried and passed upon in another action, it is an estoppel which concludes the parties in the action on trial. (*Kerr* v. *Hays*, 35 N. Y. 331; *Wilder* v. *Case*, 16 Wend. 583; *Cromwell* v. *County of Sac*, 94 U. S. 351, 352.) The discussion already had fully disposes of the question presented. There is, however, another principle which may be invoked in support of the judgment which should not be overlooked. And that is that " The judgment is final and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have decided as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as a matter of claim or of defense." (*Jordan* v. *Van Epps*, 85 N. Y. 436. See, also, *Smith* v. *Smith*, 79 id. 634; *Embury* v. *Conner*, 3 id. 511, 522; *Clemens* v. *Clemens*, 37 id. 59, 73; *Harris* v. *Harris*, 36 Barb. 88, 94.) After a careful consideration of the views presented in the argument of the learned counsel of the appellant, we are unable to discover why the rule last laid down is not applicable in the case at bar. Some other exceptions are taken to the rulings made upon the trial, but none of them are important, and they cannot affect the judgment if the views which we have expressed are correct.

The judgment should be affirmed.

All concur.

Judgment affirmed.