E. B. DRAKE v. JAMES WILHELM et al.

*Landlord and Tenant—Contract—Waiver.*

If a tenant remain in possession of the premises after the expiration of his term, the landlord may recognize the tenancy as continuing upon the same conditions; but where, as in this case, the landlord makes a proposition to the tenant for a new lease, but, the proposition not being accepted, the tenant vacated: *Held,* to be a waiver of the option.

109—7

This was a CIVIL ACTION, tried before *Armfield, J.*, at August Term, 1891, of IREDELL Superior Court.

It appears that the plaintiff and T. M. Mills agreed with each other as follows:

"This agreement between E. B. Drake and T. M. Mills, witnesseth, that said Drake has rented to said Mills the store-room and building now occupied by him, west of the store of W. E. Anderson, Broad street, for the term of one year from January 1st, 1888, at the price of $250 per year, payable monthly, with the understanding that said Mills has the privilege to make such changes and alterations of interior part of the rooms necessary to accommodate his business, as he shall deem proper, and at his own cost and expense, not to be thereafter removed. And it is further agreed, that said Mills shall have an option to continue in and occupy said store and building for an additional year from January 1st, 1889, for the sum of $300, payable monthly."

Mills occupied the store-house and premises from January, 1888, to April of the same year, when he sold and assigned the remainder of his term to the defendants, who at once took possession of and continued to occupy and pay rents for the same until February of 1890, the plaintiff suing for and recovering $25 as rent for the month of January of the latter year.

Defendants showed upon the trial that some time in January, 1890, about the 4th or 5th, the plaintiff went into the store to collect the rent for December, 1889, when a conversation took place between him and defendants as to renting the store-house for the year 1890, when he asked them $300, but during the conversation he offered to take $275, and then $250; but defendants did not accept either of these offers, and asked a few days to consider, which he agreed to give, but returned the same day and said he wanted an answer sooner. And on the 24th day of January, 1890, he served on defendants the following written notice, having

seen defendants' advertisement that defendants had rented another store, to-wit:

"STATESVILLE, January 24, 1890.

*Messrs. Wilhelm & Allison:* Please take notice that the rent of the building and store you occupy for 1890 is $300 a year, payable monthly, and I withdraw all proposals for a change in terms.            Respectfully,       E. B. DRAKE."

Plaintiff admitted that defendants did not actually occupy the store after January, 1890, and plaintiff closed his case; when his Honor held that the conversation and transaction that took place between plaintiff and defendants in January, 1890, as to renting the house for that year, was a waiver of plaintiff's right to hold defendants as his tenants for the year 1890, and he should so instruct the jury.

Whereupon, plaintiff submitted to a nonsuit and appealed to the Supreme Court.

*Mr. D. M. Furches* (by brief), for plaintiff.
*Messrs. Robbins & Long* and *R. Z. Linney* (by briefs), for defendants.

MERRIMON, C. J.: It seems that the plaintiff accepted and treated the defendants as his tenants, and they intended to become such under the written lease above set forth. That lease terminated on the first day of January, 1890. If it be granted, as contended, that as the defendants continued quietly to occupy the premises next after the written lease expired, the plaintiff might have treated them as his tenants for the year 1890 upon the same terms as to rent as those specified in the written lease referred to; the continued relation as landlord and tenant would arise only by implication. He was not bound to treat them as his tenants; he might have treated them as trespassers and ejected them; it was

optional with him whether he would treat them as tenants or not, and he might waive his 'right of option by any act showing his purpose to do so.   Taylor on L. & T , § 22.

Then, did the plaintiff waive such right or option in this case ?

We concur in the opinion of the Court below that he did. The defendants were merchants doing business in the storehouse of the plaintiff.   Their lease was just ended.   Shortly after the first of January, and before the defendants had fixed upon their place of business for the year, the plaintiff called upon them to collect the rent then due for December of 1889.   He and they then had a conversation looking to the lease of the premises for the year 1890.   He did not then suggest that they were his tenants for that year—that he so recognized them, or intended to do so, as possibly he had the right to do.   On the contrary, distinctly showing· his purpose to make a new contract or lease on his part, he proposed that the rent should be three hundred dollars. The defendants refused to agree to pay that sum.   He then offered to take two hundred and seventy-five dollars, and at last two hundred and fifty dollars.   The defendants did not accept his offers, but requested him to allow them a few days within which to consider his proposition to lease, and he allowed the request.   The parties separated, but the plaintiff returned the same day and said he wanted an earlier answer. Now, it seems to us obvious that the plaintiff did not treat or regard the defendants as his tenants, and that they did not so regard themselves.   Why did the plaintiff offer to lease the premises, and at the reduced rent of two hundred and fifty dollars?   Did he not thereby give the defendants to understand and act upon the fact that he did not recognize or insist upon any implied lease for the year?   Nor did he say aught to the contrary until he learned that the defendants had leased other premises.   It was too late then for him to insist upon an advantage, if he ever had it, aris-

ing by implication, that he might waive. From his conduct, and what he said, the defendants might reasonably infer and believe that they were not his tenants, or so recognized or treated by him, and that they might look elsewhere, as their interests might suggest, for a suitable store-house, as they did do, without peril as to any liability to him. He must justly be held to have waived any such right or option he may possibly have had.

Judgment affirmed.