WILLIAM C. EARLE, Respondent, *v.* WILLIAM H. EARLE et al., as Executors of WILLIAM P. EARLE, Deceased, Appellants.

1. WHEN JUDGMENT IN AN ACTION IS NOT A BAR TO ANOTHER ACTION FOR SAME CAUSE BROUGHT BY A CO-DEFENDANT THEREIN AGAINST SOME OF THE DEFENDANTS IN FIRST ACTION. A judgment, obtained by a residuary legatee in an action against the trustees under a will for an accounting and to recover a personal judgment against them for the loss incurred by the estate. through their neglect of duty, is not a bar to a similar action brought, upon substantially the same facts, by

another residuary legatee against such trustees for a similar judgment, although the plaintiff in the latter action was made a defendant in the former action and was served with the summons therein, where he neither appeared nor answered in the action and his rights were not litigated or adjudged therein and where his cause of action would not have been a defense to the former action, and if pleaded and proved would not have prevented the judgment that was rendered therein, although his rights could have been determined by such judgment; since the rule that a former judgment determines all the issues litigated and which might have been litigated should be limited to such matters as might have been used in the former action as a defense to an adverse claim made by the plaintiff therein or by one of the co-defendants therein of the plaintiff in the latter action.

2. ACTION BY RESIDUARY LEGATEE AGAINST TRUSTEES — MAY BE COMMENCED BEFORE DEATH OF LIFE TENANT. · Such action is not prematurely brought because the life tenant was living at the time the action was commenced, where the plaintiff, as residuary legatee, had such an interest in the fund set apart for the life tenant that an action would lie to compel the trustees to account for any misuse of the fund and to make good any loss or waste thereof caused by their neglect.

*Earle* v. *Earle,* 73 App. Div. 300, affirmed.

(Submitted January 16, 1903; decided February 10, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 13, 1902, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hamilton Odell* and *Hammond Odell* for appellants. William C. Earle was a necessary party to the action brought by his sister Cornelia. (Perry on Trusts, § 881; *Hanne* v. *Stephens,* 1 Vern. 110; *Mitchell* v. *Lennox,* 2 Paige, 280; *Petrie* v. *Petrie,* 7 Lans. 90; *Peyser* v. *Wendt,* 87 N. Y. 326; *Sortore* v. *Scott,* 6 Lans. 275; *Sherman* v. *Burnham,* 6 Barb. 403; *Matter of Robinson,* 37 N. Y. 264; *Conklin* v. *Davis,* 53 How. Pr. 409.) The judgment in the former action is a complete bar to this one. (*Reich* v. *Cochran,* 151 N. Y. 128; *Jordan* v. *Van Epps,* 85 N. Y. 427; *Stowell* v.

28

*Chamberlain*, 60 N. Y. 276; *Patrick* v. *Shaffer*, 94 N. Y. 430; *Benjamin* v. *E. J. & C. Co.*, 49 Barb. 441; *Pray* v. *Hegeman*, 98 N. Y. 351; *Lorillard* v. *Clyde*, 122 N. Y. 47; *Griffin* v. *L. I. R. R. Co.*, 12 N. Y. 452; *Masten* v. *Olcott*, 101 N. Y. 157.)

*Carlisle Norwood* for respondent. The plaintiff's cause of action is the surrogate's decree of April 25, 1861, and the will is only explanatory of the decree in so much as the latter referred to it. (*G. P., etc., Co.* v. *Mayor, etc.*, 108 N. Y. 276; *Taylor* v. *Root*, 4 Keyes, 335; *Mallory* v. *Leach*, 23 How. Pr. 507; *Goodrich* v. *Dunbar*, 17 Barb. 644; *Re E. C. R. Co.*, L. R. [4 Ch. Div.] 33; *Taylor* v. *Wing*, 84 N. Y. 471; *Lynde* v. *Lynde*, 162 N. Y. 405; *Gray* v. *R. B. Co.*, 40 App. Div. 506; *Eldred* v. *Banks*, 17 Wall. 545; *McKein* v. *Odam*, 12 Me. 94.) As to every claim or defense on account of the existence of which William C. Earle was a necessary party to the prior action, we concede that he is barred by the prior judgment obtained by his sister Cornelia. As to any other claim he is in the same position as if he had not been joined as a party. (Perry on Trusts, § 882; Story's Eq. Pl. § 72; *Mitchell* v. *Lennox*, 2 Paige, 280; *Dart* v. *Palmer*, 1 Barb. Ch. 92; *Petrie* v. *Petrie*, 7 Lans. 90; *Peyser* v. *Wendt*, 87 N. Y. 322; *Sortore* v. *Scott*, 6 Lans. 275; *Sherman* v. *Burnham*, 6 Barb. 403; *Matter of Robinson*, 37 N. Y. 264; *Conkling* v. *Davis*, 53 How. Pr. 409; *Henderson* v. *Henderson*, 3 Hare, 100; *Reich* v. *Cochran*, 151 N. Y. 128.) A judgment is conclusive in a second action only when the same question was at issue between the same parties in the former suit and the precise issue was tried and determined between such parties. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Duchess of Kingston's Case*, 20 How. St. Tr. 355; Bigelow on Estoppel [5th ed.], 167; *Hughes* v. *Alexander*, 5 Duer, 488; *Fairchild* v. *Lynch*, 98 N. Y. 359; *R. P. Co.* v. *O'Dougherty*, 81 N. Y. 489; *Ferguson* v. *M. Ins. Co.*, 22 Hun, 320; *Willard* v. *M. K. & T. R. Co.*, 20 Hun, 191; *Durant* v. *Abendroth*, 97 N. Y. 132; *Gedney* v. *Gedney*, 160 N. Y. 471; *Cromwell* v.

*County of Sac*, 94 U. S. 353.) The defendants' testator, William P. Earle, having failed to obtain a judgment determining all of the rights between himself and the plaintiff in this action, he failed to avail himself of the only method, by pursuing which a judgment could have been got, which would have had the force which the defendants now claim for that which was actually taken. (Code Civ. Pro. § 521; *Ostrander* v. *Hart*, 130 N. Y. 406.)

WERNER, J. This action was brought against trustees under a will for an accounting and to recover a personal judgment against them. The defense relied upon is a former judgment in a similar action against the same defendants for the same relief, which is pleaded as a bar to this action. A brief recital of the history of both cases is necessary to an understanding of the single question involved. Morris Earle, plaintiff's father, died in 1859, leaving a will by which he appointed his brother, William P. Earle, his widow, and one Dodd, trustees of his estate. He left him surviving seven children, including the plaintiff. Through the negligence of the trustees in permitting James Earle, a son of the testator, to manage the estate, it was ultimately ruined. In January, 1879, Cornelia D. Earle, plaintiff's sister, commenced an action in the Superior Court of the city of New York against William P. Earle and Mary E. Earle, the widow, as trustees, praying that they be compelled to account; that they be made personally liable for the loss incurred by the estate through their neglect of duty, and that they be removed from their office as trustees. The other six children of the testator, including the plaintiff, were joined as defendants in that action. Judgment was had therein against the trustee William P. Earle in favor of all the children of the testator, except the plaintiff and his brothers, James and Morris, for the proportion of the estate which would have come to them had the estate not been wasted. Final judgment was entered therein March 20th, 1882. It was affirmed by the General Term of the Superior Court and by this court. (48 Supr. Ct. 18; 93 N. Y. 104.)

In December, 1883, the plaintiff commenced this action against his mother and William P. Earle, as trustees, to obtain an accounting and to recover his portion of the estate. The mother made no defense. Pending the action William P. Earle died and the present defendants, as his executors, were substituted in his place and the action revived against them. After trial in May, 1900, judgment was rendered therein in favor of the plaintiff for $16,556.13 principal, interest and costs. The Appellate Division modified the terms of this judgment as to interest, and as thus modified affirmed it.

The answer of William P. Earle, one of the delinquent trustees, after putting in issue the allegations of the complaint as to his misconduct, pleaded the Statute of Limitations and the judgment in the action brought by Cornelia D. Earle as a bar to the present action. The trial court sustained the defense based on the Statute of Limitations and overruled the plea of a former judgment. The defense of the Statute of Limitations was directed solely against that part of plaintiff's claim which arose out of his original right to a one-seventh share in two-thirds of his father's estate and, as the plaintiff has not appealed from that part of the judgment which sustained this defense, he is bound by it. The judgment which plaintiff recovered herein is based solely upon his original right to one-seventh of the one-third of his father's estate which was set apart for the use of the widow during her life and, after her death, was to be divided equally among the plaintiff and his brothers and sisters.

The only question presented upon this appeal is whether the judgment in the action brought by Cornelia Earle, the plaintiff's sister, against these defendants as trustees, is a bar to this action. An examination of the facts of record in the former action wherein judgment was had against the trustees who were the original defendants herein, shows that the plaintiff was made a defendant in the former action and was served with the summons therein. He put in no answer, however, and there was no adjudication of his rights. Answers were put in by two of his sisters and a brother, and

their rights were passed upon. As above stated, plaintiff's father left him surviving seven children. At the time of his death two of the children were of full age and five were minors, one of whom was the plaintiff. The testator set apart one-third of his estate for the use of his widow and, upon his death, that amount was to fall into the residuary estate to be divided equally among his children as directed by the will. The other two-thirds of the estate was to be divided equally among the testator's children, and the executors were directed to invest each share thereof and apply the income of the same, or so much thereof as should be necessary, to the support and education of the child to whom the same was devised during his or her minority, and, upon such child attaining the age of twenty-one years, to pay over to him or her $10,000.00 of the principal, and thenceforward to apply the income of the residue of such share to the use of such child until he or she should attain the age of thirty years, when the further sum of $20,000.00 was to be paid over to him or her, the income of the remainder of the share to be applied to the use of such child until he or she should attain forty years of age, when the whole balance was to be paid over.

In 1861 an accounting was had by the executors and trustees in the Surrogate's Court, and on April 25th of that year a final decree was entered which directed that $11,354.59 be set apart for each of the two adult children; that $74,451.27 be set apart for the use of the widow, and the sum of $106,772.95 be held by the trustees for the benefit of the five minor children, which class included the plaintiff. After that accounting the trustee Dodd moved out of the state and he was relieved by order of the court from further duty as an executor or trustee. Upon the trial of the former action the amounts fixed by the decree entered upon that accounting were taken as the basis for the award to be made to the plaintiff in the former action, and the three other legatees who answered therein. The judgment in that action directed, in substance, that the trustees were liable to the plaintiff and to each of the three answering defendant legatees therein for

one-fifth of the sum of $106,772.95 of principal and one-fifth of the sum of $2,532.15 of accumulated interest. After crediting the trustees with amounts that had been paid to said four legatees, it directed the payment of the balance to them and adjudged that the trustees be removed.

The complaint in the action now at bar sets forth the will, the surrogate's decree of 1861 above referred to, the misconduct of the trustees, and demands judgment that they be compelled to account to the plaintiff, that they may be adjudged personally liable to replace such of the assets of the estate and the income thereof as have been lost through their neglect of duty; and that they be compelled to pay the plaintiff such sums as shall be found due him.

The plaintiff became of age on September 25th, 1863, when he received the sum of $10,000.00. He became thirty years of age on September 25th, 1872, and shortly thereafter was paid $20,000.00 and the further sum of $148.05. The plaintiff's mother died on August 14th, 1894. Upon the happening of that event the plaintiff became entitled, under his father's will, to one-seventh of the sum which had been set apart for the widow. That one-seventh amounted to $10,667.27, and, with interest thereon from the date of the mother's death to the date of the decision, made a total of $14,364.51. Plaintiff was awarded judgment for that amount and costs.

The complaint in the action brought by plaintiff's sister alleged substantially the same facts set forth in the complaint at bar. The prayer for relief in the sister's action asked that the trustees be compelled to account to her " and the other legatees " of the testator, and that they be compelled to pay to her " and the other legatees " the amounts which should be found due them respectively, and that the trustees be removed. The two sisters of the plaintiff and the personal representative of a third sister, who were defendants in that action, answered therein by substantially admitting the facts set forth in that complaint. The answer of the trustee William P. Earle simply disclaimed any liability on his part and asked for a dismissal of the complaint. The plaintiff

herein, who was a defendant in the former action, neither appeared nor answered therein. The judgment rendered in that action directed the removal of the trustees and fixed the amounts due to the plaintiff therein and her co-legatees, or their representatives, who had appeared and answered. The rights of the plaintiff in this action were entirely ignored by the judgment in that former action.

It is true, as contended by the appellants, that the plaintiff's rights could have been litigated and adjudged in the former action. But they were not litigated and adjudged therein and this presents the question whether the failure of the plaintiff herein to litigate in the former action what he might there have litigated is conclusive upon him now. The rule is now too well established to be questioned that a judgment is final and con- clusive between the same parties or their privies, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and had decided as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense. (*Patrick* v. *Shaffer*, 94 N. Y. 423, 430; *Clemens* v. *Clemens*, 37 id. 59, 73; *Reich* v. *Cochran*, 151 id. 122.) But the expression " might have been litigated" is one that may be quite misleading when applied to the facts of particular cases. (Freeman on Judgments [4th ed.], sec. 249.) While it is sufficiently broad, in its literal sense, to cover the present case, we do not think its legal meaning goes to that extent. In its practical application to this case it should be limited to such matters as might have been used in the former action as a defense to an adverse claim made by the plaintiff therein, or by one of the plaintiff's co-defendants. When parties are real adversaries upon issues that are or may be litigated, then the adjudication upon such issues as have been litigated is final, and the failure to litigate such as might have been litigated is fatal to further litigation. That this is the sense in which the phrase " might have been litigated " is used by the courts is illustrated by the following cases: In *Malloney* v. *Horan* (49

N. Y. 111) the plaintiff, a widow, brought an action against
the defendant to recover her dower right in certain real estate
which had been purchased by the defendant at a receiver's
sale. It appeared that in a former action, in which both the
plaintiff and her husband were joined as defendants, judgment
creditors of the husband sought to set aside a transfer of the
same real estate which had previously been conveyed by
both the plaintiff and her husband to other parties, and judg-
ment was awarded in that suit in favor of the creditors.
The plaintiff had put in an answer in that action, but it did
not appear that her dower rights had been adjudicated
therein. This court held that the judgment in such former
action was not a bar to the action of the widow then before
the court. Judge FOLGER, in writing for the court, said:
" She (the widow) is bound by that judgment whatever may
be its legitimate effect. The judgment is final and conclusive
upon her as to all matters put in issue and litigated in the
action. (*Clemens* v. *Clemens*, 37 N. Y. 59.) But as stated
above the matter of her inchoate right of dower was not put
in issue and litigated therein. It is claimed that the rule
goes further, and that the judgment is final and conclusive
upon the parties to it upon all matters which might have been
litigated and determined therein. It is so asserted. (*LeGuen*
v. *Gouverneur*, 1 Johns. Cas. 436, and note to Shepard's ed.)
The plaintiff in this action might have raised in that action
the question that she had a right of dower as yet inchoate
but which might become complete ; and might have asked
that if it should be found to exist, the judgment should make
provision therefor. ( *Vartie* v. *Underwood*, 18 Barb. 561.)
But was she bound to do so? This would not have been
matter in direct opposition to the action in defense of the
claim made by the plaintiffs therein ; it would have been a
quasi admission of the cause of action set up, and a seeking
for relief in the judgment which must follow. And when
the authorities say that a judgment is final and conclusive
upon the parties to it, as to all matters which might have been
litigated and decided in the action, the expression must be

limited as applicable to such matters only as might have been used as a defense in that action against an adverse claim therein; such matters as if now considered would involve an inquiry into the merits of the former judgment." (Citing *Whitcomb* v. *Williams*, 4 Pick. 228, and *King* v. *Chase*, 15 N. H. 13.)

The plaintiff is unquestionably bound by so much of the judgment in the former action as determined the misconduct of the trustees and directed their removal. But no claim of the plaintiff adverse to facts set up in the complaint therein was passed upon or litigated. He might have had his claim adjusted in that action, but he was not bound to do so. What the plaintiff here claims would not have been a defense to the former action, and, if pleaded and proved, would not have prevented the judgment that was rendered therein, although. it could have been embraced in such judgment. The facts of the case, therefore, come directly within the decision of the case of *Malloney* v. *Horan* (*supra*).

What has been said is emphasized by the relation to each other of the parties in the former action. The defendant trustees there, if they desired the rights of the present plaintiff adjusted in the former action, could easily have obtained that result, and their failure to do so should not work an estoppel against him in this action, for it was the duty of the trustees to point out to the court not only the rights of all parties interested, but their relation to the controversy, and they should not now be permitted to profit by their failure to do so. (Lewin on Trusts [Flint ed.], p. 351.)

In *Bell* v. *Merrifield* (109 N. Y. 202) the case of *Malloney* v. *Horan* was cited with approval, and there this court reiterated another rule, which we think is quite applicable to the case at bar: "A valid judgment upon a question directly involved in a suit is conclusive evidence as to that question in any other suit (although for a different cause of action) between the same parties, but it must appear, either by the record in that suit or by extrinsic evidence, that the precise question was raised and determined in the former suit, and

this burden rests, of course, with the party who endeavors to make use of the judgment as conclusive evidence upon that point. If there be uncertainty as to whether or not the question was passed upon, the judgment is not conclusive as evidence."

The recent discussion by this court of the principles governing estoppel by former judgment in *Rudd* v. *Cornell* (171 N. Y. 114, and cases there cited) render it unnecessary to do more in the present case than to point out the exception which takes it out of the operation of the general rule. It only remains to add that we think the plaintiff's action was not prematurely brought upon his claim to his share of that part of the estate which was set apart for the use of his mother during her life. While this action was commenced in 1884 and the plaintiff's mother did not die until 1894, the former had such an interest in that portion of the estate set apart for the life use of the latter that an action would lie to compel the trustees to account for any misuse of the fund and to make good any loss or waste thereof caused by their neglect.

The judgment appealed from should be affirmed, but without costs, as the present defendants are innocent executors of a deceased trustee.

BARTLETT, J. (dissenting). I am of opinion that William C. Earle, the plaintiff herein, was a necessary party to the action brought by his sister Cornelia.

A part of the relief demanded by Cornelia for herself, "and the other legatees of said testator," was the removal from office of trustees, who under the will were trustees for all the legatees, including William C. Earle, this plaintiff; a general accounting was also asked in that suit.

It appears that after Cornelia's action was begun the plaintiff herein wrote to his uncle, William P. Earle, one of the defaulting trustees, soliciting the loan of money, in which he said, referring to Cornelia's suit: "In regard to that suit, I think you were informed that I was not a party to it, having

said from the first that I would not lend my name to it in any manner, and regret very much the unfortunate position you have been placed."

Afterwards the plaintiff herein denied that he had been served in Cornelia's suit, and the question was sent to a referee to ascertain whether such was the fact.

The referee found that the summons and complaint were served upon the plaintiff herein; his report was duly confirmed and the papers relating to this collateral reference were ordered to be made a part of the judgment roll in Cornelia's suit.

The plaintiff herein failed to appear or answer in Cornelia's suit and thus deliberately refused to avail himself of his day in court.

This action was commenced December 19th, 1883, and was not brought to trial until May 16th, 1900, the plaintiff allowing it to sleep for over sixteen years.

The entire subject of the present controversy was embraced in the former action, and the question is not only what was litigated in that action, but what might have been litigated. (*Henderson* v. *Henderson*, 3 Hare, 100; *Reich* v. *Cochran*, 151 N. Y. 128; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Stowell* v. *Chamberlain*, 60 N. Y. 276; *Patrick* v. *Shaffer*, 94 N. Y. 430; *Benjamin* v. *Elmira, J. & C. R. R. Co.*, 49 Barb. 441; *Pray* v. *Hegeman*, 98 N. Y. 351; *Masten* v. *Olcott*, 101 N. Y. 157; *Lorillard* v. *Clyde*, 122 N. Y. 47; *Dows* v. *McMichael*, 6 Paige, 140.)

In the suit brought by Cornelia this plaintiff and the executors were co-defendants, but they were "adversary parties." (Freeman on Judgments, § 158; *Parkhurst* v. *Berdell*, 110 N. Y. 386.)

There was no occasion, therefore, in Cornelia's action for any defendant to serve his answer on his co-defendants and demand affirmative relief as against them.

I am of opinion that the facts in this case bring the plaintiff herein, as a defendant in Cornelia's action, clearly within the rule established by a long line of cases that the judgment

in the former action is a bar, for the reason that he had abundant opportunity to litigate his rights in that action and refused to do so from motives that are clearly disclosed in this record.

I vote for reversal.

Parker, Ch. J., Gray, Haight, Martin and Vann, JJ., concur with Werner, J.; Bartlett, J., reads dissenting opinion.

Judgment affirmed.