### PIERSON v. HUGHES et al.

#### (Supreme Court, Appellate Term. March 11, 1904.)

1. LANDLORD AND TENANT—HOLDING OVER—TENANCIES FROM YEAR TO YEAR.

Where a landlord, after the expiration of the lease, wrote to the tenants telling them that the lease had expired, and asking if they intended to renew, and they made no reply, but continued to occupy and pay rent, the landlord could regard them as tenants for another year.

2. SAME—ABANDONMENT—ACCEPTANCE.

Where tenants of a wharf gave their landlord a right of way for people to pass to a bath at the end of the wharf, the giving by the landlord to the city of a similar license, after the tenants had abandoned the premises, was not an acceptance by the landlord of the abandoned premises.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by J. Fred Pierson against James Hughes and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Robinson, Biddle & Ward, for appellants.

Edward Swann, for respondent.

FREEDMAN, P. J. This action was brought to recover for the rent of a portion of a dock, owned by the plaintiff, for the months of April, May, June, and July, 1903. The rent for the first three months

¶ 1. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 284, 287, 289.

is admitted to be due, and the only question to be determined upon this appeal is whether or not the defendants are liable for the rent for the month beginning June 23, 1903. Plaintiff had a judgment for the full amount of his claim, the defendants appeal, and urge that the conclusions of law to be drawn from the substantially undisputed facts entitle them to be relieved from the payment of the judgment rendered, so far as rent after June 23, 1903, is included.

On December 23, 1901, defendants leased the wharf of the plaintiff for a term of one year, expiring December 23, 1902, at a monthly rental of $100, payable on the 23d day of each month, in advance. The defendants remained in possession of said demised premises until June 9, 1903. On June 2, 1902, the defendants wrote a letter to plaintiff, as follows:

"Referring to the lease dated December 23rd, 1901. * * * We hereby give you the right of way along 40th Street for people to pass to reach the end of the wharf with egress to and from a bath placed at end of wharf."

It does not appear in the record when use was made by the plaintiff of the right given him in the letter above mentioned, but it is claimed in the brief of appellants that, after defendants had surrendered possession of the premises, the plaintiff granted the city the right to place a bathhouse off the end of the wharf and a right of way over said wharf, and it does appear that the city built a foot bridge from the end of the wharf to connect with the floating bath. On January 2, 1903, and again on January 19, 1903, after the defendants' lease expired, the plaintiff wrote them telling them their lease had expired, and asking them if they desired to renew it for another year. To these letters the defendants made no reply, and in no way indicated to the plaintiff what their intentions were, other than to remain in possession, paying the rent at the stipulated rate for the months of January, February, and March, 1903. There is some testimony to the effect that the defendants' superintendent called upon the plaintiff's son in October, 1902, and asked that some repairs on the dock be made, and said to the son that "They would leave as soon as they could get another pier," but there was no authority shown in the son to act for the plaintiff, even if the conversation between him and the defendants' superintendent has any bearing in the case. By the retention of the demised premises after the expiration of the written lease the landlord had a right to elect to treat the defendants as tenants for another year under the conditions of the former devise. McAdams, Landlord & Tenant (3d Ed.) vol. 1, p. 82, and cases cited.

The contents of the letters of January 2d and 19th did not show that the landlord intended to treat the defendants thereafter as monthly tenants. He called upon the defendants to indicate their intent, and their silence and continued possession of the premises was a sufficient indication of their intent to continue as tenants for another year. There is nothing in the case cited by the appellants that is contrary to this view. Drake v. Wilhelm, 109 N. C. 97, 13 S. E. 891. In that case the parties, shortly after the termination of the lease, entered into negotiations regarding a new lease. Several offers were made by the landlord, at which he agreed to make a new lease. The tenants did not accept, and asked for time to consider the proposition, which was

granted.   Subsequently the landlord asked for an earlier answer, and a few days later withdrew all his offers, and attempted to hold the tenants for the entire year, and this it was held, under all the circumstances, he could not do.   To the same effect is Bon v. Fenlon (Sup.) 84 N. Y. Supp. 858.   In the case at bar the plaintiff notified the defendants that their lease had expired for the year ending December 23, 1902, and asked if they intended to renew it.   To this defendants made no reply, but continued to occupy the premises and pay rent therefor.   The plaintiff accepted the rent, and clearly had the right to regard them as his tenants for another year.

The position taken by the appellants, that the granting to the city a right of way over the wharf and to a bathhouse was acceptance of the abandoned premises by the plaintiff, is equally untenable.   The defendants had granted to the plaintiff a license, at least, "for people" to pass, "with egress to and from a bath."   This license was unrevoked, and it is not shown that the plaintiff gave to the city any greater license than defendants had granted him.   Appellants also claim that they were justified in their abandonment of the wharf by reason of its having become untenantable through the washing away of some portion of it during their occupancy.   Some testimony tending to show this was given by reference to photographs, but the photographs were not introduced in evidence; if so, the record fails to show it, and they are not attached thereto.   The testimony, without them, is insufficient to show the alleged untenantable condition of the wharf, even if we should assume that section 197 of the real property law (Laws 1896, p. 587, c. 547), applies to premises of this kind covered by lease.

Judgment affirmed, with costs.   All concur.