PIERSON v. HUGHES et al.

(Supreme Court, Appellate Term. February 11, 1907.)

1. JUDGMENTS—RES JUDICATA—ISSUES.

Where defendants leased a certain dock on December 23, 1901, for one year, at a monthly rental of $100, and in an action to recover rent accruing from April to July, 1903, it was *held* that defendants were holdover tenants for another year under the conditions of the written demise, the judgment was res judicata as to all defenses that could have been urged in that action, and hence defendants could not avail themselves of the defense of trespass or eviction in a subsequent action to recover rent from August to December, 1903.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1241.]

2. LANDLORD AND TENANT—LICENSE.

Where, on the execution of a lease of certain dock property, the lessees granted the lessor a license for people to pass, with' egress to and from a bath, the tenants were not entitled to counterclaim, in an action for rent, for rent received by the landlord from the city for a public bath placed at the end of the dock; the landlord's license to the city being no greater than that granted by the tenants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 885.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by J. Fred Pierson against James Hughes and another. From a Municipal Court judgment in favor of plaintiff, defendants appeal. Affirmed.

See 88 N. Y. Supp. 1059.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Robinson, Biddle & Ward, for appellants.
Edward Swann, for respondent.

MacLEAN, J. The plaintiff claimed for rent for the months ending on the 23d day of August, September, October, November, and December, 1903, alleged to be due for certain dock property leased by the defendants on December 23, 1901, for a term of one year, at the monthly rental of $100, payable in advance, and judgment was rendered in his favor therefor.

The defendants may not now avail themselves of the defense either of trespass or of eviction, whichever it be, as set forth in the seventh paragraph of their answer, as a former judgment in favor of the pla. itiff for rent for April, May, June, and July, 1903, against these defendants, was affirmed by this court holding these defendants tenants for another year under the conditions of the written demise (Pierson v. Hughes [Sup.] 87 N. Y. Supp. 223) ; and that judgment "is final and conclusive between the same parties or their privies, not only as to matters actually determined, but as to every other matter which the parties might have litigated and had decided as incident to, or essentially connected with, the subject-matter of the litigation within the purview of the original action, either as matter of claim or defense" (Earle v. Earle, 173 N. Y. 480, 487, 66 N. E. 398).

Nor may the defendants successfully counterclaim herein for rent received by the plaintiff from the city for a public bath placed at the end of the wharf, for "the defendants had granted to the plaintiff a license, at least, 'for people' to pass, 'with egress to and from a bath.' This license was unrevoked, and it is not shown that the plaintiff gave to the city any greater license than the defendants had granted him." Pierson v. Hughes (Sup.) 87 N. Y. Supp. 225.

The judgment should therefore be affirmed, with costs. All concur.